1  Gregory J. Arpin, WSBA #2746  
2  Donald G. Stone, WSBA #7547  
3  PAINE, HAMBLEN, COFFIN,  
   BROOKE & MILLER LLP  
4  717 W. Sprague Avenue, Suite 1200  
5  Spokane, Washington 99201-3505  
6  Telephone: (509) 455-6000  
  Facsimile: (509) 838-0007  
7  

The Honorable Edward F. Shea

FILED IN THE  
U.S. DISTRICT COURT  
EASTERN DISTRICT OF WASHINGTON

JUL 3 1 2003

JAMES R. LARSEN, CLERK  
_____DEPUTY  
SPOKANE, WASHINGTON

8  Attorneys for Defendants Watchtower  
9    and Othello (North) Spanish Congregation  
10  

11  **UNITED STATES DISTRICT COURT FOR THE**  
12  **EASTERN DISTRICT OF WASHINGTON**  
13  

14  ERICA RODRIGUEZ, a single     )  
15  person,     )    No. CS-02-0190-EFS  
      )  
16        Plaintiff,    )    **MEMORANDUM IN SUPPORT**  
17        )    **OF DEFENDANT**  
18  vs.     )    **WATCHTOWER BIBLE AND**  
      )    **TRACT SOCIETY OF NEW**  
19  WATCHTOWER BIBLE and    )    **YORK, INC. AND OTHELLO**  
20  TRACT SOCIETY OF NEW YORK,   )    **(NORTH) SPANISH**  
21  INC., et al.     )    **CONGREGATION OF**  
      )    **JEHOVAH'S WITNESSES'**  
22        Defendants.   )    **MOTION FOR SUMMARY**  
23        )    **JUDGMENT**  
24  

25      Defendants, Watchtower Bible and Tract Society of New York Inc. and  

26  Othello (North) Spanish Congregation of Jehovah's Witnesses ("Church  

27  
28  Defendants"), by and through their counsel, Donald G. Stone and Gregory J.  

29  
30  MEMORANDUM IN SUPPORT OF  
MOTION FOR SUMMARY JUDGMENT - 1

Arpin of Paine, Hamblen, Coffin, Brooke & Miller LLP, respectfully submit this Memorandum in Support of their Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, to dismiss all claims against them, with prejudice.

## I. <u>INTRODUCTION AND OVERVIEW</u>

Plaintiff asserts three counts against Church Defendants: Count I – Negligence, Count II – Breach of a Fiduciary Duty, and Count III – Childhood Sexual Abuse. Each of these claims is based on and related to the underlying alleged sexual abuse of the plaintiff by defendant Manuel Beliz ("Beliz"), occurring prior to approximately 1990, first reported in May of 1996; the Church Defendants' alleged failure to report that abuse, and/or to prevent, protect, or warn the plaintiff about Beliz' propensity toward child abuse; and, in general, the Church Defendants' internal policies, procedures, and actions regarding childhood sexual abuse.

The Church Defendants argue that (1) plaintiff's Complaint should be dismissed as untimely under the statute of limitations, RCW 4.16.340, because plaintiff was aware of the causal relationship between the childhood sexual abuse and her alleged injuries on August 24, 1998; and that all three counts

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 2

must be dismissed because (2) there was no mandatory requirement for clergy to report suspected or actual child abuse; (3) there was no duty to protect the plaintiff from her parents' friend outside of his association with the Church Defendants; (4) there was no duty or failure to warn where they had no knowledge of any actual or foreseeable harm; and (5) the Constitutions of the United States and Washington prohibit civil courts from inquiring into the correctness of religious policies, dogma, and governance.

## II. LEGAL ARGUMENT

### A.  SUMMARY JUDGMENT SHOULD BE GRANTED WHERE THERE ARE NO GENUINE ISSUES OF MATERIAL FACT.

Church Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the ground that Plaintiff lacks sufficient evidence to support the essential elements of her case. Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FRCP 56. After the moving party meets its initial showing, the inquiry shifts to the non-moving party. A party opposing a Motion for Summary Judgment may not simply allege that there are disputed issues of fact but must set out specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 106 S.Ct.

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 3

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
*717 WEST SPRAGUE AVENUE, SUITE 1200*
*SPOKANE, WA 99201 PHONE: (509) 455-6000*

2505, 2512 (1986); <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548, 2555 (1986); and

<u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 106 S.Ct. 1348, 1356

(1986). "The mere existence of a scintilla of evidence in support of the non-

movant is not sufficient; there must be sufficient evidence upon which a jury

could reasonably find for the non-movant." <u>Anderson</u>, 477 U.S. at 252, 106

S.Ct at 2512.

When the motion for summary judgment is based on a statute of

limitations bar, as in the present case, the motion should be granted where the

record demonstrates there is no genuine issue of material fact as to when the

plaintiff discovered the facts giving rise to the cause of action, commencing

the statutory period. <u>Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.</u>,

707 F.2d 1030, 1032-33 (9th Cir. (Cal.) 1983); <u>Dam v. General Electric</u>, 265

F.2d 612, 614 (9th Cir. (Wash.) 1958); <u>McLeod v. Northwest Alloys, Inc.</u>, 90

Wn.App. 30, 35, 969 P.2d 1066, 1069 (1998).

In the present case, there are no issues of material fact remaining and

the plaintiff cannot establish the ultimate facts sufficient to constitute a

justiciable cause of action against the Church Defendants.

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 4

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201 PHONE: (509) 455-6000*

**B.    THE THREE YEAR STATUTE OF LIMITATIONS ON PLAINTIFF'S ACTION BASED ON CHILDHOOD SEXUAL ABUSE BEGAN TO RUN AT LEAST AS OF AUGUST 24, 1998, WHEN PLAINTIFF TESTIFIED TO THE CAUSAL CONNECTION BETWEEN HER DAMAGES AND THE ABUSE.**

      1.    <u>The Three Year Statute of Limitations Begins to Run at the Time Plaintiff Discovers the Causal Connection Between her Damages and the Abuse.</u>

In Washington, the statute of limitations for actions based on childhood sexual abuse begins to run, at the very latest, within three (3) years of the time the plaintiff discovers that the childhood sexual abuse caused the injuries or damages alleged in the Complaint. RCW 4.16.340 states in relevant part:

    (1)    All claims or causes of action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced within the later of the following periods:

        (a)    Within three years of the act alleged to have caused the injury or condition;

        (b)    Within three years of the time the victim discovered or reasonably should have discovered that the injury or condition was caused by said act; or

        (c)    Within three years of the time the victim discovered that the act caused the injury for which the claim is brought:

PROVIDED, That the time limit for commencement of an action under this section is tolled for a child until the child reaches the age of eighteen years.

. . . .

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201 PHONE: (509) 455-6000*

RCW 4.16.340.  This statute applies not only in claims against the alleged abuser, but also to claims based on negligence when those claims stem from the alleged childhood sexual abuse.  C.J.C, 138 Wn.2d at 710, 985 P.2d at 268.

In applying this discovery rule, a cause of action based on childhood sexual abuse under Section (1)(c) of RCW 4.16.340 is interpreted to mean that it is the discovery of the causal connection between a known act of childhood sexual abuse and subsequent injuries that triggers the statute of limitations. Hollmann v. Corcoran, 89 Wn. App. 323, 334, 949 P.2d 386 (1997).  Under such discovery rules, an aggrieved party need not know the full amount of damage before a cause of action accrues, only that some actual and appreciable damage occurred.  Gazija v. Nicholas Jerns Co., 86 Wn.2d 215, 219-20, 543 P.2d 338 (1975).

## 2. Plaintiff was Aware of the Causal Connection Between the Childhood Sexual Abuse and Subsequent Injuries on August 24, 1998.

In the present case, there are sufficient undisputed facts, in the form of plaintiff's own testimony, to compel the conclusion that at least as of August 24, 1998, the plaintiff appreciated that her damages or injuries claimed in the present suit were causally connected to the childhood sexual abuse.  On

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 6

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
*717 WEST SPRAGUE AVENUE, SUITE 1200*
*SPOKANE, WA  99201 PHONE: (509) 455-6000*

1
2
3

that date, at the sentencing hearing of Manuel Beliz, the plaintiff specifically

testified to her damages and how they were caused by Beliz' abuse.  (SoF, ¶24)

4
5
6
7

To demonstrate the depth to which the plaintiff had an understanding of

the causal connection between the childhood sexual abuse and her alleged

injuries, she testified that:

8
9
10
11
12
13

> Everything I do is affected by what Manuel has done to me.  And
> everything I will do for the rest of my life, . . . , he is always
> going to traumatize me.  And all my decisions I make in my life
> are going to be related to what he did to me.  When I have kids.
> When I got married.  I have nightmares every night.  Very often I
> lose a lot of sleep and, like I said, he has put me in my prison, and
> I will be in this prison for the rest of my life till the day I die.

14
15
16
17
18
19
20
21
22
23
24
25
26
27

(SoF, ¶24)  She testified that her injuries from the childhood sexual abuse

included that: her childhood had been taken away from her; she could not

remember the good things about her past – only the molestation; she could not

respond to men the way a normal teenager would, including her husband, or to

any man in an intimate, sexual kind of relationship; she was unable to trust

anyone, particularly relating to trusting them with children; she expected that

when she had children, she would not be able to trust anyone, even close

friends, with the care of her own children (although now the plaintiff has a son

who she was able to leave with her parents while she traveled); she had been

28
29
30

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 7

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA  99201 PHONE: (509) 455-6000*

financially impacted in a negative way; and her religious convictions were damaged. (SoF, ¶24)

All these damages were known to the plaintiff at least as of August 24, 1998, or she clearly would not have had the capacity to testify to such matters in a court of law. At her deposition, the plaintiff did not refute this knowledge of her damages and that they were caused by the childhood sexual abuse she had suffered. Indeed, she agreed that she had testified at the sentencing hearing to these damages as caused by the abuse. (SoF, ¶25)

None of the damages asserted by the plaintiff in her Complaint are newly discovered or newly alleged damages not previously testified to at the hearing on August 24, 1998, including but not limited to her psychological problems, depression, monetary issues, loss of enjoyment of life, destruction of her faith and enjoyment of religion, trust issues.

Based on the plaintiff's own testimony at the sentencing hearing and affirmed through her testimony at deposition, the statute, RCW 4.16.340, began to run as of August 24, 1998. The plaintiff would have had to file her Complaint prior to August 24, 2001, in order to meet the statute of limitations.

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 8

1  Plaintiff was nearly a year late in filing her claim on May 29, 2002, and thus,
2
3  the entire claim against the defendants is time barred and must be dismissed.

4  **C.    SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE**
5       **THERE WAS NO MANDATORY REQUIREMENT FOR**
       **CLERGY TO REPORT SUSPECTED CHILD ABUSE IN**
6       **WASHINGTON OR CALIFORNIA.**
7
8       Plaintiff's claims are based in large part on her contention that the
9
10 Church Defendants failed to report her child abuse to the Washington State
11 authorities pursuant to a reporting statute.  However, under the Revised Code
12
13 of Washington 26.44.030, clergy members of the Church Defendants, such as
14 elder John White, were under no such duty to report suspected or known child
15
16 abuse.  RCW 26.44.030; State v. Motherwell, 114 Wn.2d 353, 359, 788 P.2d
17 1066, 1069 (1990).  Likewise, clergy members were under no duty to report
18
19 suspected or known child abuse in the state of California in 1996.  Clergy
20 members did not become mandated reporters in California until January 1,
21
22 1997.  Cal. Penal Code §§11165.7(32) and 11166.  Even today, California law
23 exempts clergy from reporting knowledge of suspected or actual abuse
24
25 received in confidence.  Cal. Penal Code §11166 (a)(1).
26       Thus, even assuming arguendo that elder White or other clergy
27
28 members of the Church Defendants had notice of any child abuse, which they
29
30 MEMORANDUM IN SUPPORT OF
   MOTION FOR SUMMARY JUDGMENT - 9

contend they did not, they were under no legal duty to report such abuse as claimed by plaintiff in her Complaint and the plaintiff's claims against the Church Defendants based on and for failure to report must be dismissed.

**D.    SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE CHURCH DEFENDANTS HAD NO DUTY TO PROTECT THE PLAINTIFF OR TO WARN HER OF HARM.**

**1.    The Church Defendants Had No Duty to Protect the Plaintiff from Her Parents' Friend Whose Actions Were Outside the Realm of His Association with the Church Defendants.**

Whether a special relationship exists between a church and the children of its congregation depends on the circumstances of each case. <u>C.J.C. v. Corp. of Catholic Bishop of Yakima</u>, 138 Wn.2d 699, 722, 985 P.2d 262, 274 (1999). Where a special relationship is found to exist, a duty to protect against the *foreseeable* harms of a third party then may arise. <u>Id</u>. at 721, 273. This duty may extend to volunteer church workers for actions that take place outside of church business and property, if certain factors are present. <u>Id</u>. In making a determination as to whether the church had a duty to protect the plaintiff from foreseeable harm, the court looks to:  (1) the special relationship between the Church and the third party; (2) the special relationship between the Church and the plaintiff; (3) the alleged knowledge of the risk of harm

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
*717 WEST SPRAGUE AVENUE, SUITE 1200*
*SPOKANE, WA  99201 PHONE: (509) 455-6000*

possessed by the Church; and (4) the alleged causal connection between the third party's position in the Church and the resulting harm. Id. at 724, 275.

Under the circumstances of the present case, the facts demonstrate that no special relationship or duty existed between the Church Defendants and the plaintiff to prevent the abuse by Beliz where, under above element (3) the church had no knowledge of the risk of harm presented by Beliz, and (4) the damage allegedly caused to plaintiff by Beliz was not a result of his position with the church, but rather emanated from his position as a close family friend of the plaintiff.

The key focus is "on whether the Church or its individual officials negligently caused the harm by placing its agent into association with the plaintiffs when the risk was, or should have been, known." Id. at 724, 275. Here, the answer is clearly no, and plaintiff's complaint is dismissible on this basis as well.

The record demonstrates that the plaintiff was never abused by Beliz in any capacity related to Beliz' association or his position with the Church Defendants. (SoF, ¶7) Whether Beliz was or was not providing volunteer services as an accountant or by being in charge of literature sales as a

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 11

"Ministerial Servant" is inconsequential in this case because the abuse of the plaintiff by Beliz did not occur within that capacity.  Beliz was a close friend and neighbor of the plaintiff's parents and had been friends with the family since before the plaintiff was even born.  (SoF, ¶6)  Beliz's daughter was the plaintiff's best friend.  (SoF, ¶6)  In was in *this* capacity, and *not* in any capacity as a Ministerial Servant or elder at the Othello congregation, that Beliz had access to and abused the plaintiff.

### 2. <u>There Was No Duty or Failure to Warn Plaintiff or Others of Beliz' Propensity for Child Abuse Where the Church Defendants Had No Knowledge of a Risk or Foreseeability of Harm</u>.

Even if the Court determines that a duty to protect the plaintiff from foreseeable harm existed based on the nature of the relationship between the plaintiff and Church Defendants, the Church Defendants did not breach any such duty because there was no notice that it was reasonably foreseeable that the plaintiff would be molested by Beliz.

The Church Defendants had no notice of any allegations of sexual misconduct concerning the plaintiff or any other person at any time prior to May 1996 when the plaintiff reported Beliz' previous abuse. (SoF, ¶¶8, 16)

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 12

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
*717 WEST SPRAGUE AVENUE, SUITE 1200*
*SPOKANE, WA  99201 PHONE: (509) 455-6000*

Plaintiff maintains that the Church Defendants should have been on notice that Beliz was a child molester because of an incident where Beliz allegedly kissed plaintiff's cousin, Maggie Garza, then aged 8, on the lips, during a social party unrelated to church activities.  (SoF, ¶14)  There is no admissible evidence that this alleged incident even occurred in the manner described by the plaintiff.  Even so, for the sake of summary judgment, even if this incident happened exactly as the plaintiff professes, the alleged fact that Beliz had kissed eight year old Maggie Garza was not sufficient to put the church on notice that Beliz was a threat as a child molester.  (Aff. Dr. P. Dietz, ¶4)  As Dr. Dietz states, in North American society, it is a common and acceptable behavior for adults to kiss children out of healthy affection.  Therefore, such an act, in and of itself, does not constitute notice sufficient to put the Church Defendants on notice that Beliz may be a danger to the plaintiff.  (Aff. Dr. P. Dietz, ¶4)  Furthermore, Ms. Garza affirms through her affidavit that Beliz "has never had any inappropriate sexual contact" with her.  (SoF, ¶15)

Plaintiff's contention that the defendants (other than Beliz in his individual capacity) were on notice of the abuse prior to 1996 because of

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 13

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
*717 WEST SPRAGUE AVENUE, SUITE 1200*
*SPOKANE, WA  99201 PHONE: (509) 455-6000*

claims by others that they were molested by Beliz, is not supported by the facts. Helena Lopez and Adelmira Cortez confirm they did not discuss their molestation by Beliz with any representative of the Church Defendants until *after* the plaintiff made her allegations public in 1996. (SoF, ¶12) The only other person the plaintiff claims she knows was molested by Beliz is Johnalyn White, who testified at the trial of Beliz that she was not molested by Beliz. (SoF, ¶13) Thus, if no such other molestation occurred, then it follows that the defendants could not have been on notice of any such molestation.

The only other incident on which the plaintiff alleges the church had knowledge that Beliz had abused her or that he had a propensity for such abuse, consists of an alleged confession Beliz allegedly made to church elder, John White, as a preliminary step to being named as an elder in 1993, long after the last act of abuse of plaintiff had ceased. Plaintiff contends Mr. White told her parents this during a telephone conversation around May of 1996.

First, any proposed evidence on this alleged confession is not properly before the court because it is based on an inadmissible hearsay statement allegedly relayed to the plaintiff by her father and/or mother. (SoF, ¶18, 19)

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 14

Second, this communication, if it occurred, constitutes at most evidence of a confession that is privileged under the clergy-penitent privilege and does not constitute admissible evidence. "A member of the clergy . . . , shall not, without the consent of a person making the confession, be examined as to any confession made to him or her in his or her professional character, in the course of discipline enjoined by the church to which he or she belongs." RCW 5.60.060(3). This confession to elder White, a clergy member of the Jehovah's Witnesses Othello congregation, is alleged to have occurred during the proscribed process by which Beliz became an elder in 1993 and is privileged. (SoF, ¶20)  Statements made to a church elder constitute a confidential confession protected by the clergy-penitent privilege, and can only be waived by the penitent. State v. Glenn, 115 Wn. App. 540, 547-48, 62 P.3d 921, 924-25 (2003). Additionally, Beliz denies ever discussing the alleged child abuse with a representative of the Church Defendants. (SoF, ¶21)

Plaintiff states in her Complaint that Mr. White admitted at the sentencing hearing of Beliz that he and the Othello Spanish Congregation "knew that Beliz was a bad man in the 1980's and the 1990's." (Complaint, ¶25)  However, this misstates Mr. White's testimony. His actual testimony,

PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA  99201 PHONE: (509) 455-6000

set out in the Statement of Facts, ¶23, clearly indicates that until the plaintiff

reported the abuse around the summer of 1996, John White did *not* know

about the molestations of plaintiff by Beliz or the nature of Beliz' problems in

the 1980s and 1990s. (SoF, ¶23)

According to plaintiff's own deposition testimony, she does not know of

any information that would have led the Church Defendants to believe Beliz

had been guilty of molesting children until 1996. (SoF, ¶17)   There was

nothing the Church Defendants could have done to warn the plaintiff or

prevent the molestation from occurring since the molestation had ended

approximately six years before the plaintiff notified them.   Therefore, the

plaintiff's claims for failure to warn or protect must be dismissed.

**E.**     **SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE THE UNITED STATES AND WASHINGTON CONSTITUTIONS PROHIBIT CIVIL COURTS FROM INQUIRING INTO THE CORRECTNESS OF THE CHURCH DEFENDANTS' RELIGIOUS POLICIES, DOGMA, AND GOVERNANCE.**

Regardless of the facts and complaints asserted by plaintiff relating to

the internal procedures, dogma, and governance of the Jehovah's Witnesses,

the Church Defendants' handling of Beliz and the reporting of child abuse,

appointing Beliz as a Ministerial Servant or elder, and any discipline,

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 16

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
*717 WEST SPRAGUE AVENUE, SUITE 1200*
*SPOKANE, WA  99201 PHONE: (509) 455-6000*

disfellowship, or any fears or alleged threats of disfellowship for disobedience to the Jehovah's Witness doctrines are controlled by church procedures and are outside the purview of a civil court under the First and Fourteenth Amendments to the United States and Washington Constitutions.

The "ecclesiastical abstention" provides that civil courts may not determine the correctness of interpretation of canonical text or any decision relating to church governmental or religious matters.   <u>Serbian Eastern Orthodox Diocese v. Milivojevich</u>, 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976).  The United States Supreme Court held that civil courts may not second-guess the determinations made by religious tribunals and that inquiry into such determination is irrelevant.  <u>Id</u>. at 708.   Thus, any inquiry into whether the Church Defendants negligently performed an assumed duty regarding the plaintiff requires an impermissible inquiry into the religious beliefs, policies, and practices of the church, barred by the "free exercise of religion" clause.   Such an inquiry would result in the Court's becoming excessively entangled with the business of religion.  <u>Serbian</u>, 426 U.S. at 713.

The Ninth Circuit has specifically held that the Jehovah's Witness practice of shunning or disfellowship is protected by the Constitution of the

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
*717 WEST SPRAGUE AVENUE, SUITE 1200*
*SPOKANE, WA 99201 PHONE: (509) 455-6000*

United States, and thus, the Washington State Constitution.    Paul v.

Watchtower Bible and Tract Society of New York, Inc., 819 F.2d 875 (9th Cir.

(Wash.) 1987).  The damages claimed by plaintiff allegedly resulting from her

belief she would be disfellowshipped, or resulting from whether or not Beliz

was disfellowshipped or re-instated to the religion, cannot serve as a basis for

maintaining a tort action against the church for its practices.  Id.    The

defendants have "a constitutionally protected privilege to engage in the

practice of shunning." Id. at 876.

F.    **EACH OF THE CLAIMS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PLAINTIFF HAS FAILED TO STATE FACTS SUFFICIENT TO MAINTAIN A CAUSE OF ACTION.**

In support of Count I – plaintiff's claim of negligence, plaintiff failed to

establish a duty to report, protect, or warn, under the circumstances of this

case, and thus, she has failed to state facts sufficient to maintain this cause of

action against the Church Defendants.  Count II -- plaintiff's claim for breach

of fiduciary duty should be dismissed because plaintiff is unable to establish a

fiduciary duty between the plaintiff and the Church Defendants.

Regarding her claim of childhood sexual abuse, plaintiff makes no

statements or factual allegations that the Church Defendants committed any

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 18

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201 PHONE: (509) 455-6000*

acts of child sexual abuse against her, and, therefore, Count III as against the Church Defendants must be dismissed.

## IV. <u>CONCLUSION</u>

The Church Defendants request the Court grant their Motion for Summary Judgment to dismiss each count of plaintiff's claims against them as a matter of law:

(1)     Plaintiff's claims are time barred under the statute of limitations, RCW 4.16.340, expiring on August 24, 2001, where plaintiff knew of her damages as they related to the childhood sexual abuse at least as of August 24, 1998, when she testified to the impact of the abuse on her life and detailed her damages as they are alleged in the current matter;

(2)     The Church Defendants had no duty to report any suspected or known child abuse of the plaintiff or anyone else under Washington law, RCW 26.44.030 or California law, Cal. Penal Code §§11165.7(32) and 11166;

(3)     The Church Defendants had no duty to warn the plaintiff or prevent the sexual abuse by Beliz because (a) under the circumstances of this case, there was no special relationship creating any duty to protect the plaintiff against Beliz in his role as a family friend where his actions were outside the

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 19

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
*717 WEST SPRAGUE AVENUE, SUITE 1200*
*SPOKANE, WA 99201 PHONE: (509) 455-6000*

scope and function of his association with the Church Defendants, and (b) the Church Defendants had no knowledge of Beliz' dangerous propensities until May of 1996 and, thus, could not have warned of same;

(4)     The practices, dogma, and governance of the Church Defendants are protected by the United States and Washington Constitutions; and

(5)     Church Defendants did not engage in acts of childhood sexual abuse against the plaintiff.

Therefore, all counts against the Church Defendant should be dismissed.

DATED this 31st day of July, 2003.

PAINE, HAMBLEN, COFFIN,
BROOKE & MILLER LLP

By:_____
Gregory J. Arpin, WSBA #2746
Donald G. Stone, WSBA #7547
Attorneys for Defendants
Watchtower and Othello (North)
Spanish Congregation

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 20

# CERTIFICATE OF SERVICE

I certify that on this ϨΙϽᵗ day of July, 2003, a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, was caused to be served as indicated below and addressed as follows:

Richard C. Eymann                              _____ U.S. MAIL
EYMANN, ALLISON, FENNESSY,        __✓__ HAND-DELIVERED
 HUNTER & JONES, P.S.                       _____ OVERNIGHT MAIL
601 West Main Avenue, Suite 801        _____ TELECOPY (FAX)
Spokane, WA  99201

    Attorneys for Plaintiff

Timothy D. Kosnoff                             __✓__ U.S. MAIL
Attorney at Law                                   _____ HAND-DELIVERED
Bellevue Place Building                         _____ OVERNIGHT MAIL
800 Bellevue Way N.E., Suite 300        __✓__ TELECOPY (FAX)
Bellevue, WA  98004-4229

    Attorneys for Plaintiff

Jeffrey R. Anderson                             __✓__ U.S. MAIL
Jodean A. Thronson                             _____ HAND-DELIVERED
Cynthia J. Waldt                                  _____ OVERNIGHT MAIL
JEFF ANDERSON & ASSOCIATES, P.A.   __✓__ TELECOPY (FAX)
E-1000 First National Bank Bldg.
332 Minnesota Street
St. Paul, MN  55101

    Attorneys for Plaintiff

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 21

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
*717 WEST SPRAGUE AVENUE, SUITE 1200*
*SPOKANE, WA  99201 PHONE: (509) 455-6000*

1

2   Manuel L. Beliz, #783393,G-C-17          _____ ✓ U.S. MAIL
    STAFFORD CREEK CORRECTIONAL              _____ HAND-DELIVERED
3     CENTER                                 _____ OVERNIGHT MAIL
4   191 Constantine Way                      _____ ✓ TELECOPY (FAX)
5   Aberdeen, WA  98520

6

7

8                                            _____

9                                            GREGORY J. ARPIN
10                                           DONALD G. STONE
11  00126833:drs-sj-drs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29                                           *PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
    MEMORANDUM IN SUPPORT OF                 *717 WEST SPRAGUE AVENUE, SUITE 1200*
30  MOTION FOR SUMMARY JUDGMENT - 22         *SPOKANE, WA  99201 PHONE: (509) 455-6000*