FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 03 2003

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERICA RODRIGUEZ, a single person,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>WATCHTOWER BIBLE and TRACT SOCIETY OF NEW YORK, INC., a New York corporation; OTHELLO SPANISH CONGREGATION OF JEHOVAH'S WITNESSES, an unknown legal entity; and MANUEL BELIZ, individually and on behalf of his marital community,<br><br>　　　　　Defendant. | NO. CS-02-0190-EFS<br><br>**ORDER GRANTING DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. AND OTHELLO (NORTH) SPANISH CONGREGATION OF JEHOVAH'S WITNESSES' MOTION FOR SUMMARY JUDGMENT, DISMISSING THE CLAIM AS TO DEFENDANT BELIZ, DENYING ALL PENDING MOTIONS AS MOOT, AND CLOSING THE FILE** |

　　　On September 17, 2003, the Court conducted a hearing on Defendant Watchtower Bible and Tract Society of New York, Inc. and Othello (North) Spanish Congregation of Jehovah's Witnesses' (together "Church Defendants") Motion for Summary Judgment, (Ct. Rec. 36), filed July 31, 2003. John Allison and Cynthia Waldt appeared for the Plaintiff and Donald Stone appeared for the Church Defendants. Defendant Manuel Beliz, currently incarcerated in the Washington State Prison System, was not present and was not represented by counsel during the hearing.

ORDER ~ 1

1 Defendant Beliz was served with notice of the hearing by mail on July
2 31, 2003 (Ct. Rec. 46). The Court made several efforts to contact
3 Defendant Beliz through his counselor at Stafford Creek Correctional
4 Center in Aberdeen and left several messages which were not returned.
5 The Court listened to oral argument from counsel, reviewed the motion
6 and accompanying memoranda. The Court **granted** the Church Defendants'
7 Motion for Summary Judgment. This Order memorializes and supplements
8 the oral rulings of the Court at the hearing.

## I. Procedural History

10 Defendant Beliz was tried and convicted of sexual abuse of a
11 child in 1998 in the State of Washington. He is currently serving an
12 eleven year term imposed on August 24, 1998. On May 29, 2002,
13 Plaintiff filed the instant civil lawsuit against Defendant Beliz
14 alleging that the sexual abuse proximately caused her damages and
15 against the church defendants alleging they were negligent, failed to
16 protect her, and that their actions led her childhood sexual abuse by
17 Defendant Beliz. Defendant Beliz has proceeded pro se in the instant
18 matter.

19 The Church Defendants move for summary judgment, asserting: (1)
20 Plaintiff's complaint should be dismissed as untimely under the
21 statute of limitations, RCW 4.16.340, because Plaintiff was aware of
22 the causal relationship between the childhood sexual abuse and her
23 alleged injuries by August 24, 1998, (2) all claims must be dismissed
24 because there was no mandatory requirement for clergy to report
25 suspected or actual child abuse, (3) there was no duty to protect
26 Plaintiff from her parents' friends outside of her association with

ORDER ~ 2

Church defendants, (4) there was no duty or failure to warn where the Church Defendants had no knowledge of any actual or foreseeable harm, and (5) the Constitutions of the United States and Washington prohibit civil courts from inquiring into the correctness of religious policies, dogma, and governance.

## II. Standard for Summary Judgment

Summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When considering a motion for summary judgment, a court may not weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue for trial exists only if "the evidence is such that a reasonable jury could return a verdict" for the party opposing summary judgment. *Id.* at 248. In other words, issues of fact are not material and do not preclude summary judgment unless they "might affect the outcome of the suit under the governing law." *Id.* There is no genuine issue for trial if the evidence favoring the non-movant is "merely colorable" or "not significantly probative." *Id.* at 249.

If the party requesting summary judgment demonstrates the absence of a genuine material fact, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue

ORDER ~ 3

for trial" or judgment may be granted as a matter of law. *Anderson*, 477 U.S. at 248. This requires the party opposing summary judgment to present or identify in the record evidence sufficient to establish the existence of any challenged element that is essential to that party's case and for which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Failure to contradict the moving party's facts with counter affidavits or other responsive materials may result in the entry of summary judgment if the party requesting summary judgment is otherwise entitled to judgment as a matter of law. *See Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

### III. Findings of Fact

In Ruling on the Summary Judgment the Court makes the following Findings of Fact:

Manual Beliz was convicted after jury trial in the State of Washington of sexual molestation of Erica Rodriguez. Ms. Rodriguez was sexually molested by Mr. Beliz beginning in 1983 through 1990 when at the age of eleven (11) her family moved to California. In the summer of 1996, the parents of Ms. Rodriguez reported the sexual abuse to John White, an elder in the Othello Spanish Congregation.[1] John White stated in his sworn affidavit that neither he nor any member of the Congregation knew of Mr. Beliz's child abuse until the Summer of

---

[1] Deposition of Erica Rodriguez,(Ct. Rec. 38, Ex. A), pp. 4; Affidavit of John White, ¶3 (Ct. Rec. 39).

ORDER ~ 4

1996.[2] White stated that after "Ms. Rodriguez came forward with this information, we removed Mr. Beliz as an elder."[3] Ms. Rodriguez's claim of sexual molestation led to an investigation of both Beliz and the Church Defendants.

Beliz had contact with the Rodriguez family by virtue of the fact that he was a close personal friend of Ms. Rodriguez's father. He became an elder in the Jehovah's Witness organization in 1993[4]. Plaintiff has presented no evidence that the Church defendants knew of conduct of Defendant Beliz during the years of his abuse of Ms. Rodriguez which should have led them to protect her from him. While plaintiff Rodriguez asserts that there was contact with a Ms. Garza (her childhood friend) which should have alerted to the church to the propensity of Mr. Beliz for sexual abuse of children, the only evidence on that point is the sworn affidavit of Ms. Garza who flatly denies it.[5] The Court finds that the Church had no basis nor reason to know of Mr. Beliz's abuse of Ms. Rodriguez before 1996, that there has been no abuse since, that there was no abuse by Beliz of Ms. Garza, and that the Church had no evidence of abuse of any children which should have led it to take action to protect the children within its Church including Ms. Rodriguez.

---

[2] Affidavit of John White, ¶4 (Ct. Rec. 39).

[3] *Id.* at ¶5. Beliz was disfellowshipped in October 1996 but was reinstated in June 1997.

[4] *Id.* at ¶3.

[5] Affidavit of Maggie Garza, (Ct. Rec. 42), ¶6,7.

ORDER ~ 5

The essentially uncontradicted evidence submitted by the Church in the form of depositions and affidavits establishes that the acts of child abuse by Beliz took place either in his private home or in other locations away from church property. In his sworn affidavit, Manuel Beliz states: "None of the occurrences for which plaintiff Erica Rodriguez has made allegations against me involved events that took place at any church, church function, or incidental to the performance of any church functions, or any event that in any way involved other defendants to this lawsuit."[6] Plaintiff testified in her deposition that the abuse occurred in Beliz's home and not on Church premises.[7]

On August 24, 1998, Plaintiff testified at the sentencing hearing of Manuel Beliz. Plaintiff testified about the impact the molestation had upon her life. Specifically, Ms. Rodriguez described the effect the sexual abuse had upon her religious life:

> Since Manuel had a very high position in the religion and he had a lot of trust, everybody trusted him because he was in a very high position. When he would do things he did, and when he - I don't know how to explain it. As the high position that he did have, now for me it is really hard. I did separate myself a little. Spiritually, I went down a lot.[8]

Plaintiff also criticized the manner in which the Church handled the matter. She testified that she did not understand the basis for the Church's decision to reinstate Beliz within one year being made

---

[6] Affidavit of Manuel Beliz, (Ct. Rec. 44), ¶4.

[7] Transcript of Rodriguez Deposition, (Ct. Rec. 38, Ex.A), pp. 6-7.

[8] Rodriguez's Testimony at Sentencing Hearing, (Ct. Rec. 38, Ex. B), pp. 5.

ORDER ~ 6

aware of the alleged abuse. When asked by her attorney whether she felt that the Church had made a choice to support Beliz rather than her, Rodriguez responded:

> There was certain things that didn't go right. And I don't know if it was because of the lies or it was because he had such a high position in the organization that yeah, certain things weren't fair about it, but - and I think that's why spiritually he had killed me in a way.[9]

Assuming *arguendo* that there is something in this testimony that would implicate the Church as a responsible party, at the very least it can be said that Ms. Rodriguez was aware of the Church's activities as of the date of trial which was July 29, 1998, and of the date of sentencing which was August 24, 1998. Based upon Plaintiff's testimony during Beliz's sentencing hearing, the Court finds that is clear that Plaintiff was aware of the Church Defendants' acts and the effect the Church Defendants' acts had upon her by August 24, 1998. Pursuant to Washington law, she then had three years to seek recovery from such parties as she believed were responsible for the undisputed sexual abuse that she suffered. Her lawsuit was filed on May 29, 2002.

### IV. Legal Analysis

The Church Defendants argue Plaintiff's claims are time barred and the complaint must be dismissed. In the State of Washington, the statute of limitations for actions based upon childhood sexual abuse begins to run, at the latest time, within three years of the time plaintiff discovers childhood sexual abuse caused the injuries or

---

[9] *Id.* at pp. 5-6.

ORDER ~ 7

damages alleged in the complaint. The statute provides, in pertinent part:

> (1) All claims or causes of action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced within the later of the following periods:
> (a) Within three years of the act alleged to have caused the injury or condition;
> (b) Within three years of the time the victim discovered or reasonably should have discovered that the injury or condition was caused by said act; or
> (c) Within three years of time the victim discovered that the act caused the injury for which the claim is brought: PROVIDED, That the time limit for commencement of an action under this section is tolled for a child until that child reaches the age of eighteen years.

R.C.W. §4.16.340.

The statute of limitations applies to claims for abuse as well as all associated negligence claims which are based upon the underlying acts of childhood sexual abuse attributable to third parties. *C.J.C. v. Corp. of Catholic Bishop of Yakima*, 138 Wash. 2d 699, 709-10, 985 P.2d 262, 274 (1999). The Church Defendants claim the statute started to run on August 24, 1998, when Plaintiff testified at the sentencing hearing for Manuel Beliz. As a result, according to the Church Defendants, the statute ran on August 24, 2001. Since Plaintiff did not file this action until May 29, 2002, nine months after the statute of limitations period expired, the Church Defendants argue her claim must be dismissed. The Church Defendants offer both Plaintiff's prior testimony in the *Beliz* sentencing hearing as well as her deposition testimony in this matter, which taken together, demonstrate she had discovered the childhood sexual abuse that caused the injuries or damages alleged in the complaint by August 24, 1998.

ORDER ~ 8

Plaintiff must satisfy her *Celotex* burden if her claim is to survive the motion for summary judgment. As previously noted, the party opposing summary judgment is required to present or identify in the record evidence sufficient to establish the existence of any challenged element that is essential to that party's case and for which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Failure to contradict the moving party's facts with counter affidavits or other responsive materials may result in the entry of summary judgment if the party requesting summary judgment is otherwise entitled to judgment as a matter of law. *See Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996. Plaintiff's argument is that the Church Defendants misapply the statute by focusing on Ms. Rodriguez's recognition of Beliz's culpability in 1998 and not that of the Church Defendants. Following Plaintiff's logic, she was aware of the connection between Beliz's acts of abuse and her injuries but remained unaware of the Church Defendant's acts until sometime after 1998.

Plaintiff calls the statute of limitation argument "merit less" but provides no case law or evidence in the form of countering declarations to support her position.[10] Plaintiff provided the Court with no basis upon which to excuse her "failure to comply with the time limitations" or to conclude that she had "neither actual nor constructive notice of the filing period." *Johnson v. Henderson*, 314

---

[10] Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment, (Ct. Rec. 49).

ORDER ~ 9

F.3d 409, 414 (9th Cir. 2002). The date chosen by the Church Defendants is a conservative estimate for the date upon which the statute of limitations started to run. Plaintiff's knowledge of the role of the Church Defendants in her sexual abuse could be established arguably much earlier than August 24, 1998. Applying the standard for motions for summary judgment to the facts, there are simply no material facts in dispute with respect to the statute of limitations issue.

### V. Conclusion

Given the clear language of RCW §4.16.340 and *C.J.C. v. Corp. of Catholic Bishop of Yakima*, Plaintiff's failure to meet her *Celotex* burden, and her failure to provide any basis to consider excusable delay, the Court grants the Church Defendants' Motion for Summary Judgment. There is no dispute that Ms. Rodriguez between the ages of four (4) and eleven (11) was repeatedly sexually abused by Defendant Beliz. A jury found that beyond a reasonable doubt. At the latest on August 24, 1998, when Ms. Rodriguez, then nineteen years old, testified at the sentencing of Mr. Beliz she had three years from that date to bring this action against Defendant Beliz and the Church Defendants. That was not done. This court has no alternative but to grant the motion of the Church Defendants to dismiss this case. Consequently, the Court does not reach or express any opinion on the other defenses of the Church. Further, this Court having granted the Church's motion that the suit was beyond the statute of limitations, must, according to its sworn duty, recognize that the suit must also be untimely as to Defendant Beliz who sexually abused this young woman

ORDER ~ 10

and undoubtedly caused her much damage.  Regrettably, this Court must also dismiss the cause of action against Mr. Beliz.  Accordingly,

**IT IS HEREBY ORDERED:**

1. The Church Defendants' Motion for Summary Judgment, **(Ct. Rec. 36)**, is **GRANTED**.

2. The Claim against Defendant Beliz is **DISMISSED with prejudice**.

3. The Church Defendants' Motion to Strike Plaintiff's Answer to Interrogatory No. 10, **(Ct. Rec. 52)** is **DENIED as moot**.

4. The Church Defendants' Motion to File Overlength Brief, **(Ct. Rec. 60)** is **DENIED as moot**.

5. Church Defendants' Motion in limine, **(Ct. Rec. 62)** is **DENIED as moot**.

**IT IS SO ORDERED.**  The District Court Executive is directed to

(A) Enter this Order;

(B) Provide copies to all counsel and Defendant Beliz; and

(C) Close the file, to be opened only upon a showing of Good Cause.

**DATED** this  3A  day of October 2003.

_____
EDWARD F. SHEA
United States District Judge

Q:\Civil\2002\0190.msj2.wpd

ORDER ~ 11